UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM and CYNTHIA KLUDAS,

    Plaintiffs,

    v.

PRICE PFISTER, INC.,

    Defendant.

CASE NO. C04-580JLR

ORDER

## I.   INTRODUCTION

This matter comes before the court on Plaintiffs' motion for summary judgment. (Dkt. # 29). Neither party has requested oral argument. Having read and considered all papers filed in support of and in opposition to Plaintiffs' motion, the court DENIES Plaintiffs' motion for the reasons stated below.

## II.   BACKGROUND

Plaintiffs brought this action to recover damages to their home and personal property that resulted from a leak in a faucet that Defendant Price Pfister, Inc. ("Price Pfister") manufactured. Price Pfister admits that its faucet caused a flood that damaged Plaintiffs' property.

ORDER – 1

This motion concerns the damage to Plaintiffs' personal property. Plaintiffs compiled an inventory of personal property that had been either damaged or destroyed in the flood. They submitted the inventory to their insurance company, who assisted them in arriving at an estimate of their damages. Plaintiffs and the insurance company collaborated to produce a 457-item spreadsheet that set forth the cost of repair for personal property that was repairable, and set forth the replacement value for personal property that was not repairable. To determine replacement value, the insurance company used information from "Insurance World," a third-party entity that provides replacement values for household goods.

Plaintiffs contend that the spreadsheet establishes that total repair costs and replacement costs for their personal property are $277,712.89. They seek summary judgment for that amount.

### III.  DISCUSSION

In reviewing Plaintiffs' motion for summary judgment, the court must draw all inferences from the admissible evidence in the light most favorable to the non-moving party. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the opposing party must show that there is a genuine issue of fact for trial. Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The opposing party must present significant and probative evidence to support its claim or defense. Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).

ORDER – 2

Where a question presented is purely legal, summary judgment is appropriate without deference to the non-moving party.

The court denies Plaintiffs' motion because the 457-item spreadsheet is insufficient to carry Plaintiffs' burden to prove damages. Although Plaintiffs have presented the spreadsheet as evidence, they have provided no admissible evidence to explain the computation of damages in the spreadsheet. Plaintiffs present minimal evidence explaining how they compiled the spreadsheet, what each column of data means, and how that data was translated into a claim for damages. Although Plaintiffs need not necessarily explain every entry in the spreadsheet, they must do more than simply attach the unadorned spreadsheet to a summary judgment motion. Without a declaration from a person or persons qualified to explain the spreadsheet, the court cannot determine on summary judgment if it provides an accurate estimate of Plaintiffs' damages.[1]

Although the court cannot grant summary judgment on Plaintiffs' damages, one legal question that the parties raise is ripe for summary disposition: whether Plaintiffs are automatically entitled to obtain the replacement value of much of their personal property. Under Washington law, market value is the ordinary measure of damages for personal property that is a total loss as a result of negligence. McCurdy v. Union Pac. R.R. Co., 413 P.2d 617, 623 (Wash. 1966). Replacement cost is the measure of damages only if the property has no market value. Id. As a general rule, "such things as family photographs, writings, antiques, clothing, paintings, plans of architects, engineers, etc.,"

---

[1] If Plaintiffs choose to provide additional evidence in support of the spreadsheet, they must provide some evidence that would permit the court to determine if the estimates of replacement value from Insurance World are reliable estimates of the value of their property. On the record before the court, Plaintiffs' testimony indicates that even they do not necessarily believe that the Insurance World estimates are accurate.

ORDER – 3

have no market value. Id.; see also Kimball v. Betts, 169 P. 849, 850 (Wash. 1918). Plaintiffs treat this general rule as an absolute prohibition on establishing a market value for their personal property. E.g., Pltfs.' Reply at 3 (incorrectly stating that "the Washington Supreme Court has held that there is, as a matter of law, no market value for the items of personal property" for which Plaintiffs seek damages). The law does not support Plaintiffs' interpretation. Although Plaintiffs need not prove that their household goods "have no market value as a condition precedent to the right to introduce proof of actual value" (Kimball, 169 P. at 850), Price Pfister retains the right to present evidence that particular items in Plaintiffs' inventory have market value. McCurdy, 413 P.2d at 623.

## IV.   CONCLUSION

For the reasons stated above, the court DENIES Plaintiffs' motion for summary judgment.

DATED this 25th day of May, 2005.

_____
JAMES L. ROBART
United States District Judge

ORDER – 4